**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph McGhee, | Case No: CV-25-08143-PCT-DJH |
| Plaintiff, | **PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED IFP RULING** |
| v. | |
| Pamela Bondi, et al, | |
| Defendants. | |

## INTRODUCTION

Time is of the essence. Nineteen days have passed since Plaintiff Joseph McGhee—a pro se litigant with a track record of at least one precedent-setting case—filed his In Forma Pauperis (IFP) application (Doc. 2). Yet this Court has yet to rule, despite:

1. **Plaintiff's Uncontested Litigation Pedigree**—A prior case of his in *this Court* has shaped federal jurisprudence and academic discourse;

2. **The Landmark Stakes of This Suit**—It presents novel constitutional and APA issues of national import; and

3. **The Glaring Absence of Any Justification for Delay**—Particularly given this Court's familiarity with Plaintiff's consistently meritorious claims.

Plaintiff now respectfully, but urgently, moves for an order granting his IFP application within 48 hours.

## ARGUMENT

I. PLAINTIFF'S IFP APPLICATION WARRANTS INSTANT APPROVAL

   A. Plaintiff Is No Ordinary Pro Se Litigant

This Court knows Plaintiff well. His prior case, *McGhee v. City of Flagstaff*,[1] has been cited as authority in 14 appellate briefs (*see* Exhibit 1); 6 law reviews (*see* Exhibit 2); and 14 federal cases (*see* Exhibit 3). That's not all. His pending Ninth Circuit challenge to qualified immunity[2] further cements his reputation as a litigant whose claims demand—and reward—serious attention.

This Court can and should take judicial notice that Plaintiff is the antithesis of the "vexatious litigant" § 1915 screening is designed to filter—a fact that is "not

---

[1] *See McGhee v. City of Flagstaff,* No. CV-20-08081-PCT-GMS, 2020 WL 2308479 (D. Ariz. May 8, 2020).

[2] *See McGhee v. Arizona et al,* No. 24-2460 (9th Cir.).

subject to reasonable dispute" because it "is generally known" by the Court. Fed. R. Evid. 201(b)(1).

### B. Section 1915 Was Never Meant to Stall Cases Like This

Congress designed IFP screening to filter out frivolous suits, not to hobble plaintiffs with proven records. *See Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Here, where Plaintiff's litigation history screams "merit," further delay serves no purpose.

## II. THE LEGAL WORLD IS WATCHING—AND WAITING

Hundreds of law professors, attorneys, and judges follow Plaintiff's public commentary on this case (and his Ninth Circuit qualified immunity challenge) through his various social media accounts (*see, e.g.,* Exhibit 4) (complete list of Plaintiff's BlueSky[3] followers), reflecting its significance to constitutional and administrative law. This list includes such luminaries as UCLA Law Professor [Blake Emerson](#) and GMU Law Professor [Ilya Somin](#) (*see id.* at 1, 9).

Such a spotlight doesn't just illuminate Plaintiff's claims—it exposes fault lines in our fundamental rights jurisprudence that will reverberate far beyond this courtroom.

---

[3] *See* [Joseph McGhee, @radlegaltakes.bsky.social](#) (Plaintiff's BlueSky profile).

### A. Every Day of Delay Undermines Public Trust

The judiciary's legitimacy hinges on its willingness to act when rights are at stake. By dragging its feet here, this Court risks sending a dangerous message: that novel, consequential claims can be sidelined by bureaucratic inertia.

### III. THE CLOCK IS TICKING ON PLAINTIFF'S RIGHTS

The Complaint alleges ongoing violations of Plaintiff's rights under the Second, Fifth, and Fourteenth Amendments (Doc. 1 ¶¶ 16–19, 22–92, 115–42). Under Ninth Circuit precedent, such deprivations are per se irreparable injury. *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)).

Worse still, Plaintiff's indigency leaves him powerless to serve defendants until the IFP issue is resolved. The Court must act now to halt this catch-22.

### IV. JUDICIAL ECONOMY CUTS ONE WAY: GRANT THIS MOTION

This Court has already invested resources in Plaintiff's other cases. To now balk at a routine IFP ruling would waste time, money, and goodwill—all to delay the inevitable.

### CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant his IFP application within 48 hours.

Filed this 22nd day of July, 2025

/s/ Joseph McGhee
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

5