**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph McGhee, | No. CV-25-08143-PCT-DJH |
| Plaintiff, | **PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME** |
| v. | |
| Pamela Bondi, et al, | |
| Defendants. | |

On the afternoon of September 8, 2025, Flagstaff Defendants filed a motion to extend time for their answer (Doc. 14) to Plaintiff's July 3rd Verified Complaint—service of which they waived under Rule 4(d) beginning on July 9th of this year (Doc. 9). This was also their *last day* for a timely answer under Rule 12(a).

The following afternoon, the Court summarily granted the Motion (Doc. 15)—extending Defendants' time under Rule 12 for 40 more days—now, 100 in

1

total. It was granted even though the Motion was facially non-compliant with multiple provisions of this Court's Local Rules. It violated LRCiv 7.3(b) (no conferral), 7.2(b) (no legal authority), and 7.1 (improper proposed order).

Reconsideration is called for because the Court's ruling rests on manifest errors of law: (1) it improperly suspended the mandatory 14-day response period under LRCiv 7.2(c), in violation of LRCiv 83.6; (2) Plaintiff was deprived of his procedural due process rights, protected under LRCiv 7.2(c) and LRCiv 83.6; and (3) Defendants filed a motion that was facially defective under LRCiv 7.1, 7.2 and 7.3. Plaintiff moreover can make a showing of new facts and legal authority that could not have been brought to the Court's attention earlier, given that it summarily granted the Defendants' obviously defective Motion.

Accordingly, Plaintiff respectfully moves the Court for reconsideration of its September 9th Order and upon the grounds described in LRCiv 7.2(g).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT'S SUMMARY RULING VIOLATES PLAINTIFF'S MANDATORY RIGHT TO RESPOND UNDER LRCiv 7.2(c)

The Court's Order states its rationale for granting the Motion summarily: "The time to respond has not yet expired, but the Court finds a response unnecessary." (Doc. 15 at 1). This reasoning constitutes a manifest error of law.

*First*, a district court's local rules "are binding upon the parties and upon the court," *Professional Programs Group v. Department of Commerce,* 29 F.3d

2

1349, 1353 (9th Cir. 1994) (internal quotation marks omitted), because such "rules have the force of law," *Hollingsworth v. Perry,* 558 U.S. 183, 191 (2010) (citation omitted); *Simmons v. Navajo County,* 609 F.3d 1011, 1017 (9th Cir. 2010) (explaining "the importance of following the court's local rules").

Local Rule 7.2 is as unambiguous as it is mandatory:

> **The opposing party shall**, unless otherwise ordered by the Court and except as otherwise provided by Rule 56 of the Federal Rules of Civil Procedure, and Rules 12.1 and 56.1, Local Rules of Civil Procedure, **have fourteen (14) days after service in a civil** or criminal **case** within which **to serve and file a responsive memorandum**.

LRCiv 7.2(c) (emphases added). Absent the very narrow set of criteria in Local Rule 7.2, none of which apply here, it thus confers an *absolute procedural right* on the non-moving party to be heard. This is *the law* in the District of Arizona, *see Hollingsworth,* 558 U.S. at 191, and a "law[] of the United States," *United States v. Hvass,* 355 U.S. 570, 575 (1958).

Importantly, the Local Rules provide only one mechanism to suspend this right: "Upon application, or upon the Court's own motion, any Judge of this Court may suspend any of these Local Rules for good cause shown." LRCiv 83.6. Here, the Court did not invoke this Rule, make a finding of good cause, or issue an order shortening the response time.

*Second*, by declaring a response "unnecessary" and granting the Motion less than 27 hours after it was filed, the Court did not merely predict that a

response would lack merit; it extinguished, outside of Local Rule 83.6, Plaintiff's vested right to the 14-day period before that right could be exercised. This action violated the plain text of *two* of the Court's own rules.

### A. The Court's Violation of Local Rules Also Deprived Plaintiff of Due Process

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (citations omitted). The Court's violation of the mandatory response period prescribed by its own Local Rules denied Plaintiff this fundamental opportunity. Where a rule creates a vested procedural right, its arbitrary denial is a deprivation of due process.

At the time the Order was entered, Plaintiff was preparing his response detailing the Motion's procedural defects. Unquestionably, he was deprived of that right and the benefit of the rules designed to ensure a fair and orderly process for all litigants, especially for pro se parties who rely on their strict application. *See Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [a party] is expected to abide by the rules of the court in which [the party] litigates"); LRCiv 83.3(c)(1) ("Anyone appearing before the court is bound by these Local Rules.").

## II. GRANTING THE EXTENSION REWARDS A MOTION THAT IS FACIALLY DEFECTIVE UNDER THE LOCAL RULES

Even if the Court had allowed a response period, its grant of the Motion was a manifest error because the Motion itself was non-conforming and failed to meet basic procedural requirements.

### A. The Motion Violated LRCiv 7.3(b) By Ignoring the Conferral Requirement

LRCiv 7.3(b) requires a movant to "state the position of each other party" or include "a statement" that efforts to confer were unsuccessful. The Flagstaff Defendants' Motion contains neither. Counsel for these Defendants, who has repeatedly communicated with Plaintiff in a prior matter (*see* Exhibit 1), and who emailed Plaintiff at the time the Motion was filed (*see* Exhibit 2), made no effort to email or call before seeking Court intervention. This failure violates both the Rule's letter and its spirit of promoting professional courtesy and efficiency.

### B. It Violated LRCiv 7.2(b) By Providing No Legal Authority

LRCiv 7.2(b) requires a "memorandum setting forth the points and authorities relied upon in support of the motion." The Defendants' filing is a factual narrative of counsel's workload. It cites neither Fed. R. Civ. P. 6(b)—the sole rule that authorizes this Court to grant an extension for "good cause"—nor any authority interpreting the Rule. The Motion thus failed to provide any legal basis for the relief sought.

### C. It Violated LRCiv 7.1 By Disregarding Form Requirements for Proposed Orders

This Court's Local Rules of Civil Procedure establish, *inter alia*, that proposed orders: **(1)** "*must not* contain any information identifying the party submitting the order," LRCiv 7.1(b)(3) (emphasis added); **(2)** if "submitted electronically[,] *must not* contain a date or signature block," *id.* (emphasis added); and **(3)** "*must* … contain[] the heading data required by [LRCiv 7.1](a)(2)," *id.* (emphasis added), which means that "[t]he title of the Court *must* begin on or below line six (6) of the first page," LRCiv 7.1(a)(2) (emphasis added).

Flagstaff Defendants' proposed order (Doc. 14-1) violates all three provisions:

1. The left margin contains the name, address, and telephone number of the firm representing them—information identifying the party submitting the order;
2. It was submitted electronically, but improperly contains a date and signature block; and
3. The title of the Court begins on line five, not at or below line six.

Plaintiff was **ordered** to "comply, with … the Local Rules" (Doc. 15 at 2)—a requirement to which the Flagstaff Defendants are likewise subject. Their failure to do so, even in the formatting of a proposed order, underscores a pattern of disregard for this Court's procedures.

## III. THE COURT MISAPPLIED LRCiv 7.2(i)

Local Rule 7.2 permits summary disposition if a motion is non-conforming. LRCiv 7.2(i). However, the rule's logic dictates that a movant's non-compliance "may be deemed a consent to the denial or granting of the motion."

Here, the Court's grant of the non-conforming Motion turns this rule on its head, rewarding the movant for their failure to comply with multiple Local Rules. This interpretation produces an absurd result: a party can bypass the rules and be rewarded for it. This was a clear misapplication of the Court's own rule. *See In re Matter of Telemart Enters.,* 524 F.2d 761, 766 (9th Cir.1975) (a district court's failure to comply with a local rule may be grounds for reversal if prejudice results).

The rule's purpose is docket management, not the summary grant of relief based on procedurally defective filings. Granting a non-conforming motion turns a rule designed for efficiency into a tool for circumventing the rules.

## IV. THE ORDER EXACERBATES PLAINTIFF'S ONGOING AND IRREPARABLE INJURY, FURTHER PREJUDICING HIM

The Court's summary disposition, granting a forty-day extension without receiving Plaintiff's position, transcends a mere procedural oversight; it constitutes a substantive ruling that perpetuates the very constitutional violations at the heart of this litigation. Plaintiff's Verified Complaint (Doc. 1) pleads not a past, completed wrong, but an active and ongoing deprivation of

fundamental rights. He alleges that agents of the City of Flagstaff continue to possess his lawfully purchased firearms, effecting a continuous deprivation of property without due process of law. Furthermore, he is categorically barred from exercising his Second Amendment rights based on an unsupported allegation, all without a hearing or any meaningful opportunity to challenge the designation. This is not a claim for damages stemming from a historical event; it is a plea for injunctive relief to halt an ongoing injury.

The profound nature of this harm is underscored by the well-established principle that the loss of constitutional freedoms, even for brief periods, constitutes irreparable injury. The Defendants' Motion, filed on the very day their response was due, sought to delay their obligation to answer these serious allegations for over a month. The Court's grant of that motion, without permitting the party suffering the ongoing harm to be heard, functionally sanctions a further forty-day delay in addressing the merits of these urgent constitutional claims. Consequently, the Court's Order has the direct effect of prolonging the very deprivation that forms the basis of this suit.

This outcome demonstrates that the extension is not a "good cause" measure for judicial economy, but a decision that actively prejudices the party seeking urgent redress. The Court's failure to consider this profound and ongoing prejudice before summarily granting the extension was a manifest error that warrants vacating the Order.

## CONCLUSION

The Court's Order rests on multiple manifest errors: the violation of a mandatory response period, the denial of due process, and the grant of a facially defective motion. Respectfully, the Court should grant this Motion, vacate its September 9th Order (Doc. 15), and deny the Flagstaff Defendants' Motion for Extension of Time (Doc. 14).

Filed this 9th day of September, 2025

/s/ Joseph McGhee
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*