**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph McGhee, | No. CV-25-08143-PCT-DJH |
| Plaintiff, | **PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATIONS** |
| v. | |
| Pamela Bondi, et al, | |
| Defendants. | |

Plaintiff Joseph McGhee, invoking this Court's inherent authority, the guarantees of procedural justice, the Due Process Clause of the Fifth Amendment, and the ethical guidance of Rule 2.2, Comment 4 of the ABA Model Code of Judicial Conduct, respectfully moves for an order requiring reasonable accommodations to ensure a fair proceeding.

1

## **INTRODUCTION AND PRELIMINARY STATEMENT**

This motion arises from two converging realities: the systemic hurdles facing self-represented litigants ("SRLs") and the particular disabilities that shape Plaintiff's participation in these proceedings. Plaintiff brings this motion not to gain advantage, but to ensure that this case is decided on its merits—free from procedural traps, unconscious bias, or misreadings of a communication style rooted in his neurodivergence.

As the attached scholarship demonstrates (*see* Exhibit 1), even the most capable SRLs face an uneven playing field. Courts often hold SRLs to the strict letter of procedural rules while overlooking comparable lapses by opposing counsel. The result is a recurring risk of decisions driven by form over substance. For Plaintiff, who has well-documented limitations in social communication and interaction, that systemic risk is especially acute.

The relief sought here is modest, reasonable, and firmly grounded in federal law and judicial ethics. The requested accommodations will not alter the rights of the parties or the governing law; they will simply guarantee that Plaintiff, like every other litigant, has meaningful access to the courts. Such access is not a favor but a mandate of the Due Process Clause and the principles of impartiality enshrined in the ABA Model Code of Judicial Conduct.

## STATEMENT OF FACTS

*Plaintiff's Disabilities and Communication Style*

Plaintiff was diagnosed with Asperger's Syndrome[1] in early childhood. Years later he was also diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD). These neurodevelopmental conditions have compounding effects that directly shape his interaction with the judicial process.

ASD results in a direct, literal, and succinct communication style that prioritizes factual precision over social nuance.[2] ADHD contributes to challenges with working memory, emotional regulation, and impulsive communication,[3] which further affects the tone and pacing of his advocacy. Together, these conditions create a functional limitation: Plaintiff's written and oral communication is inherently more direct, less filtered, and involuntary—a manifestation of his disabilities, not a personal choice.

---

[1] This condition is now recognized within the diagnostic category of Autism Spectrum Disorder (ASD) following the adoption of the DSM-5.

[2] *See* Autism Society of Greater New Orleans, *Understanding Autistic Communication Styles* (accessed Sept. 14, 2025) (discussing that "[h]onest, clear, and direct communication … is often interpreted as 'blunt' by others" and observing that "difficulties in social communication between Autistic and Neurotypical people occur both ways, and result from a mismatch in what the two groups see as important").

[3] *See* National Institute of Mental Health, *Attention-Deficit/Hyperactivity Disorder in Adults: What You Need to Know* (accessed Sept. 14, 2025).

3

This neurodivergent style is routinely misperceived by neurotypical audiences as blunt or disrespectful. Consequently, there is a significant risk that Plaintiff's legitimate advocacy will be penalized not for its substance, but for its form. This style is evident throughout Plaintiff's filings in this and prior proceedings.

***The Goldschmidt Framework: Judicial Notice of Systemic Bias***

Plaintiff requests the Court consider—as a scholarly authority—the attached law review article, Jona Goldschmidt, *Equal Injustice for All: High Quality Self-Representation Does Not Ensure a Matter is "Fairly Heard,"* 44 SEATTLE L. REV. SUPRA 75 (2021), for the purpose of establishing the documented, systemic challenges facing pro se litigants.[4]

The article provides compelling, evidence-based analysis of specific judicial tendencies that corrupt fair proceedings. This Court must actively counter these tendencies to fulfill its duty of impartiality. The identified tendencies include:

- A dual standard of compliance, where courts hold pro se litigants to strict, technical adherence to procedural and

---

[4] Alternatively, Plaintiff asks the Court take judicial notice of this article for the fact of its existence and the difficulties that SRLs, including what the article describes as "high quality self-representation." Fed. R. Evid. 201(c)(2).

evidentiary rules while granting represented parties considerable latitude for the same conduct;[5]

- Failing to curb misrepresentations of law or fact by opposing counsel, forcing the pro se litigant to simultaneously advocate their case and police ethical breaches;[6] and

- Punishing advocacy by sanctioning vigorous argument and litigation tactics from pro se parties that would be celebrated as zealous advocacy if performed by members of the bar.[7]

Professor Goldschmidt's[8] scholarship establishes the factual backdrop that makes Plaintiff's requested accommodations—particularly the equal enforcement of neutral rules—not merely reasonable but necessary to counteract a documented threat to judicial impartiality.

---

[5] *See* Goldschmidt, *supra* at 94 n.92 (discussing that, while the pro se Plaintiff was held to strict compliance with procedural rules, "no such rule enforcement was carried out as to opposing counsel"); *see also* Richard Zorza, *The Disconnect Between the Requirements of Judicial Neutrality and Those of the Appearance of Neutrality when Parties Appear Pro Se: Causes, Solutions, Recommendations, and Implications,* 17 GEO. J. LEGAL ETHICS 423, 423, 440 (2004) (observing that "[t]rue neutrality is the creation of a forum in which … rules, and procedures which are, as a general matter, applied to all, regardless of whether they have lawyers").

[6] *Id.* at 88-89.

[7] *Id.* at 95-96.

[8] Dr. Jona Goldschmidt is *Professor Emeritus in the Department of Criminal Justice and Criminology at Loyola University*.

# ARGUMENT

## I. FEDERAL COURTS HAVE AN ETHICAL IMPERATIVE TO PROVIDE REASONABLE ACCOMMODATIONS TO PRO SE LITIGANTS

The ABA Model Code of Judicial Conduct explicitly permits and encourages judges to "make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard." Model Code of Jud. Conduct Rule 2.2, cmt. 4. The Goldschmidt Article provides scholarly evidence that without such accommodations, SRLs cannot receive a fair hearing. This Court should exercise its discretionary authority to provide accommodations to mitigate the documented systemic biases against pro se litigants.

## II. THE REQUESTED REASONABLE ACCOMMODATION: EQUAL ENFORCEMENT OF NEUTRAL RULES

### A. The Accommodation Is a Dual Mandate for Impartiality

Plaintiff seeks one reasonable accommodation with two essential and interrelated components: <u>first</u>, the Court's affirmative duty to enforce all neutral rules of procedure and evidence with scrupulous equality between the parties; and <u>second</u>, the Court's correlative duty to refrain from enforcing any unwritten, subjective standard concerning communication style or tone. This dual mandate requires the Court to govern by the text of the rules alone, ensuring that this case is decided on its legal merits, not on social convention or disproportionate rigor. This is not a request for special

6

treatment—it is a demand for the impartiality that is the bedrock of due process.

### B. Legal Scholarship Confirms a Systemic Pattern of Unequal Enforcement

This request is compelled by a documented, systemic judicial tendency to employ a dual standard of compliance. As the attached Goldschmidt scholarship confirms, courts routinely demand strict, technical adherence from pro se litigants while granting represented parties considerable latitude for similar conduct. This pattern transmutes the rules of procedure from a framework for orderly adjudication into a series of "traps for the unwary."[9] When a court overlooks an attorney's procedural misstep[10] yet punishes a pro se party for the same act, it is not enforcing the rules—it is enforcing a bias. This Court can and should consciously break from this pattern.

### C. Policing Tone Is the Most Pernicious Example of This Unequal Enforcement

Nowhere is this dual standard more apparent than in the judicial response to advocacy style. The legal profession celebrates—and this Court routinely permits—forceful, vigorous, and blunt advocacy from licensed

---

[9] *See* Goldschmidt, *supra* at 106.

[10] See, e.g., Doc. 17.

7

counsel. Yet when Plaintiff, whose autism and ADHD manifest in a natural, involuntary communication style that is direct and literal, engages in identical substantive advocacy, he is misperceived as disrespectful or sanctionable. This creates a forbidden double standard: one rule for the tone of attorneys, and a hidden, stricter rule for the tone of a disabled pro se litigant. Punishing Plaintiff for his demeanor is not an application of any written rule, but the enforcement of a subjective, neurotypical social bias. This is not a theoretical concern for Plaintiff; it is a lived reality confirmed by nearly five decades of navigating a world built for neurotypical communication. The Federal Rules of Civil Procedure govern conduct, not style; they prohibit specific acts like frivolous filings, not a lack of ceremonial deference or being competent at litigation without a law degree.[11]

### D. Plaintiff's Disability Amplifies the Prejudice of Unequal Enforcement

Plaintiff's neurodivergence does not excuse him from the rules. Rather, it makes him uniquely vulnerable to the harm caused by their unequal application. His communication style, a core manifestation of his

---

[11] Goldschmidt *supra* at 78 (observing that "judges may be prone to seeing expert SRLs as 'masquerading' as lawyers, 'ridiculing' them by holding them more strictly to procedural and evidentiary rules than lawyers—and in some cases, unfairly sanctioning expert SRLs for litigating their cases like lawyers.").

autism, invites misinterpretation where a lawyer's identical tone would be seen as zealous. His ADHD-related challenges with executive function magnify the penalty for any lack of procedural guidance. The requested accommodation is thus a necessary corrective to ensure that his case is decided on the merits of his claims, not on his inability to conform to unwritten social codes or to navigate a procedural system applied to him with disproportionate rigor.

### E. The Requested Accommodation Is Minimal, Measured, and Mandated by Law

Providing this accommodation requires no special dispensation—only a renewed commitment to the Court's most fundamental duty. It means: **(1)** applying the same scrutiny to the form and timing of all filings from both parties; **(2)** intervening sua sponte to address misrepresentations by opposing counsel, rather than waiting for a disadvantaged pro se party to object; and **(3)** construing Plaintiff's submissions to seek their substantive intent, as the courts would for any member of the bar. This modicum of even-handedness is consistent with the baseline requirement of the Fifth Amendment's Due Process Clause. It is the only way to guarantee that Plaintiff's access to this Court is meaningful, not merely theoretical.

### F. Equal Enforcement Is the Sole Path to Preserve Judicial Integrity

Ultimately, this Motion concerns the integrity of these proceedings. A trial record that reveals lax enforcement for one party and strict enforcement for the other is a record primed for reversal.[12] By committing to impartial rule enforcement now, this Court can ensure that any final judgment rests on a solid foundation of fairness. A refusal to provide this accommodation, by contrast, would itself constitute evidence of the very bias the scholarship describes. The choice is clear: the Court can either uphold its duty to provide a level playing field or risk enshrining a profound inequity into the record of this case. Plaintiff respectfully urges the Court to choose fairness.

### CONCLUSION

The choice before the Court is clear and consequential: it can either adhere to the highest principles of due process and equal protection by granting these minimal accommodations, or it can risk perpetuating a documented pattern of injustice. Granting this Motion ensures the integrity of these proceedings and the validity of their ultimate outcome. Denying it

---

[12] A ruling denying this Motion would create a clear and immediate appealable issue, ensuring further litigation and delay—an outcome easily avoided by granting the requested relief now.

would not only prejudice Plaintiff but also risks undermining confidence in the fairness of these proceedings.

Plaintiff respectfully requests that the Court: **(1)** either take judicial notice of, or consider persuasive authority, the attached scholarly article by Jona Goldschmidt; **(2)** provide to Plaintiff the reasonable accommodations outlined in Section II of this Brief; **(3)** issue an order outlining the specific accommodations to be provided for all proceedings before this Court; **(4)** recommend to the District Judge that these same accommodations be applied to all aspects of this case; and **(5)** grant any other relief the Court deems just and proper.

Filed Sunday, September 14, 2025

<u>/s/ Joseph McGhee</u>
*Pro Se Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*