**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph McGhee, <br><br> Plaintiff, <br><br> v. <br><br> Pamela Bondi, et al, <br><br> Defendants. | No. CV-25-08143-PCT-DJH <br><br> **PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND FOR ORDER DIRECTED TO U.S. MARSHALS SERVICE** <br><br> (First Request) |

Plaintiff Joseph McGhee, pursuant to Fed. R. Civ. P. 4(m) and the Court's inherent authority, respectfully moves for a 68-day extension of time to serve Defendants Pamela Bondi, Daniel Driscoll, Sean Connolly, and Todd Martinet, and an Order directing the U.S. Marshal Service to effectuate service, as required by Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Pursuant to LRCiv 7.3(b), Plaintiff has conferred with counsel for the "Flagstaff Defendants" (Doc. 14 at 1), who do not oppose this Motion.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction**

This Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). That duty carries profound weight here, where the Complaint challenges the constitutionality of a federal criminal statute, 18 U.S.C. § 922(g)(3), under the Second and Fifth Amendments.

The Court's nearly two-month delay in ruling on Plaintiff's *in forma pauperis* (IFP) application consumed 68 of the 90 days Rule 4(m) allows for service. For an indigent plaintiff who depends on the U.S. Marshals to effect service, this delay created a procedural Catch-22: the clock ran while the service mechanism remained locked. Denying this motion would not merely penalize Plaintiff for a delay beyond his control; it would risk dismissing weighty constitutional claims against the United States Attorney General and the ATF Director on a procedural technicality.

This Motion seeks simply to recoup the lost time and activate the service mechanism to which Plaintiff is entitled, ensuring this case proceeds to a merits-based resolution.

I. **THE COURT'S ADMINISTRATIVE DELAY CREATED GOOD CAUSE FOR AN EXTENSION**

Plaintiff filed his Complaint and IFP Application on <u>July 3, 2025</u>. The Court granted IFP status on <u>September 9, 2025</u> (Doc. 15). This two-month interval was not idle time; it was a period in which Plaintiff, an indigent pro se litigant, was legally powerless to act. He relied entirely on the Court's grant of IFP to trigger the U.S. Marshal Service's mandatory duty under Rule 4(c)(3). As a result, the service mechanism became available only after 68 of the 90 days under Rule 4(m) had already elapsed.

This circumstance establishes "good cause" for an extension as a matter of law. *Elaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir. 2007) (Rule 4(m) "*requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay.") (emphasis in original). Good cause is found where failure to serve is due to factors beyond a plaintiff's control. *See, e.g., Wei v. Hawaii,* 763 F.2d 370, 371 (9th Cir. 1985). Here, the delay was solely attributable to the Court's docket management—a factor entirely beyond Plaintiff's control. To deny an extension would effectively penalize him for the Court's processing time—a result the rules are designed to prevent.

Plaintiff's early-July waiver requests to the non-federal defendants further demonstrate his diligence. While the "Flagstaff Defendants" (including Connolly and Martinet officially) complied (Doc. 9), Connolly and Martinet

3

ignored the requests for claims against them individually. For the federal defendants sued in their official capacities, Plaintiff could not afford the cost of sending a waiver request by certified mail, as required by Fed. R. Civ. P. 4(i)(2). Instead, he relied on the grant of IFP status to trigger the U.S. Marshal Service's duty to effect service at no cost to him. Thus, for the 68 days the IFP application was pending, Plaintiff had exhausted his limited options and was poised to activate the only mechanism available to an indigent litigant—service by the U.S. Marshal—the moment IFP status was granted. This sequence confirms that the service delay is attributable solely to the Court's processing time and Plaintiff's indigence, not to any lack of diligence.

## II.  RULE 4(c)(3) REQUIRES THE COURT TO ORDER SERVICE BY THE U.S. MARSHAL

The grant of IFP status triggers a nondiscretionary duty: Fed. R. Civ. P. 4(c)(3) mandates that the district court "must" order that service be made by a United States marshal or deputy marshal at the plaintiff's request. *Boudette v. Barnette,* 923 F.2d 754, 757 (9th Cir. 1991); 28 U.S.C. § 1915(d). Plaintiff now formally makes that request through this Motion.

The Court's September 9th Order (Doc. 16) sets a deadline for filing proof of service and notes the consequences of failure under Rule 4(m). But this standard administrative order does not relieve the Court of its mandatory duty under Rule 4(c)(3) once an IFP plaintiff requests U.S. Marshal service. For an

indigent plaintiff, the directive to file proof of service is meaningless without the concomitant activation of the service mechanism. The Court's general deadline presupposes a plaintiff has the means to effect service; Rule 4(c)(3) provides the means for a plaintiff who does not. Indeed, Plaintiff, granted IFP status, lacks the means to print the 60-page Complaint or afford postage. The only meaningful implementation of Rule 4(c)(3) is for the Court to direct the Clerk to prepare the service packets and forward them to the Marshals.

Requiring an indigent plaintiff to bear the financial and logistical burden of preparing and mailing service packets to the Marshals would contravene the very purpose of the 28 U.S.C. § 1915 and Rule 4(c)(3). This Motion serves as Plaintiff's formal request to activate that mandatory process.

### III.  EQUITABLE FACTORS COMPEL GRANTING THE MOTION

In deciding a Rule 4(m) motion, a court may consider factors like prejudice to the defendant, actual notice, and the statute of limitations. *Elaw,* 473 F.3d at 1041. Here, the unserved defendants will suffer no prejudice from a brief extension. Conversely, denying the Motion would severely prejudice Plaintiff by risking dismissal of his claims against key defendants for reasons beyond his control. Such a result would defeat the merits-based approach required in pro se litigation. *Balistreri,* 901 F.2d at 699.

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that the Court grant a 68-day extension of time for service and issue an Order directing the U.S. Marshal Service to serve Defendants Bondi, Driscoll, Connolly, and Martinet. To ensure full compliance with the Court's September 9th Order (Doc. 16), which requires service of that Order on all Defendants, Plaintiff further requests that the Clerk be directed to include a copy of Doc. 16 in the service packets for the U.S. Marshal.

Filed Tuesday, September 23, 2025

/s/ Joseph McGhee
*Pro Se Plaintiff*

## ARTIFICIAL INTELLIGENCE DISCLOSURE

Pursuant to the Court's September 9, 2025, Order (Doc. 16), Plaintiff discloses that the following generative and other AI tools were used to prepare this Motion: (1) Westlaw Precision; (2) BriefCatch; and (3) Microsoft CoPilot. Plaintiff certifies that all representations and citations in filing have been verified for accuracy using Westlaw.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*