**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph McGhee, <br><br>   Plaintiff, <br><br> v. <br><br> Pamela Bondi, et al, <br><br>   Defendants. | No. CV-25-08143-PCT-DJH <br><br> **PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff Joseph McGhee, pursuant to LRCiv 7.2(g) respectfully moves for reconsideration of that portion of the Court's October 6, 2025, Order (Doc. 25) which states, "Plaintiff shall be responsible for service of the Summons and the Complaint on Defendants." (*Id.* at 2). This order is a manifest error of law that violates a mandatory, non-discretionary duty under the Federal Rules of Civil Procedure and has now created a procedural crisis that impedes a separate proceeding before the Ninth Circuit Court of Appeals.

1

## INTRODUCTION

This Court's Order presents a clear legal question: Does a district court have the discretion to ignore the mandatory command of Federal Rule of Civil Procedure 4(c)(3)? The answer is no. The law does not permit such defiance.

The Rule states the court "must" order service by the U.S. Marshals for an indigent plaintiff granted IFP status when so requested. This Court's order to the contrary is legal error. This error is compounded by a documented pattern of disparate treatment and has now escalated, actively obstructing the appellate process in *McGhee v. Bondi,* No. 25-6326 (9th Cir.), where this Court's refusal to follow the rule has prevented service on key Appellees.

## ARGUMENT

### I. THE ORDER IS A MANIFEST ERROR OF LAW

Reconsideration is warranted to correct "manifest error." LRCiv 7.2(g)(1). A ruling that contravenes the plain text of a Federal Rule and binding circuit precedent is the definition of manifest error.

Federal Rule of Civil Procedure 4(c)(3) is unequivocal: "[A]t the plaintiff's request, … [t]he court *must* so order [service by USMS] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" (emphasis added). This Court granted IFP status (Doc. 15). Plaintiff formally requested USMS service (Doc. 22 at 4-5). The Court's duty was triggered and is nondiscretionary.

The Ninth Circuit has reinforced this command, holding the rule's plain language requires the district court to order service by the Marshal for an IFP plaintiff who requests it. *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991) ("a United States marshal or other appointed person (officers of the court) shall serve the IFP plaintiff's complaint on *request*" (emphasis in original)).

The Court's order that "Plaintiff shall be responsible for service" is a legal nullity. It has no basis in the Federal Rules and directly contradicts them. Reconsideration is not just warranted; it is required to correct a fundamental misapplication of the law.

## II. THE COURT'S DISPARATE TREATMENT CONFIRMS THE ERROR AND DEMONSTRATES A PATTERN OF UNEQUAL APPLICATION

This Court's recent conduct provides objective evidence of the "dual standard of compliance" Plaintiff identified in his Motion for Reasonable Accommodations (Doc. 21):

- **September 8, 2025.** Represented Defendants file a Motion for Extension of Time to File Answer.

- **September 9, 2025.** This Court grants the motion—within 27 hours, and without awaiting a response from Plaintiff, to which he was entitled under LRCiv 7.2(c).

This is the model of procedural efficiency and leniency afforded to counsel.

Now consider Plaintiff's path:

- He waited 68 days for a ruling on his IFP application.
- He was then given a mere 22-day window to accomplish service.
- The Court has now denied him the congressionally mandated mechanism for achieving it.

This stark disparity—24 hours for represented defendants versus 68 days for an indigent pro se plaintiff—reveals a pattern where Plaintiff is held to strict procedural compliance while being denied mandatory procedural benefits.

## III.   THE ERROR HAS CREATED A PROCEDURAL CRISIS THAT NOW IMPEDES THE NINTH CIRCUIT APPEAL

This Court's refusal to follow Rule 4(c)(3) has created a procedural absurdity with real-world consequences. Because this Court prevented Plaintiff from using the USMS to serve the federal and state defendants, they remain unserved in the underlying action.

As a direct result, Plaintiff was required to file a notice with the Ninth Circuit in Case No. 25-6326, advising that court that Appellees Bondi, Driscoll, Connolly, and Martinet have not been served, a circumstance that "impedes the complete constitution of this appeal" and stems directly from this Court's "refusal to perform a mandatory procedural duty."[1]

---

[1] A copy of the Notice filed with the Ninth Circuit on October 12, 2025, is attached as Exhibit 1.

This Court's error has paralyzed the appellate process. Four appellees remain unserved not through Plaintiff's negligence, but through this Court's refusal to follow federal law. The most efficient way to rectify this court-created crisis is for this Court to immediately comply with Rule 4(c)(3).

## CONCLUSION

The law is mandatory. The duty was triggered. The Court's Order was error. That error has now escalated, disrupting the appellate process.

This Motion serves as Plaintiff's final good-faith effort to obtain relief at the district court level. The legal error is plain, the injury is ongoing, and the remedy is ministerial. Should this Court deny reconsideration, Plaintiff will have no alternative but to seek a writ of mandamus from the Ninth Circuit to compel the performance of this nondiscretionary duty. *See, e.g., Patel v. Reno,* 134 F.3d 929, 931 (9th Cir. 1997) (mandamus appropriate to correct a clear failure to perform a ministerial duty where no other adequate remedy is available).

A mandamus petition would be unnecessary were the Court to simply follow the plain text of the Federal Rules. Judicial economy and the integrity of these proceedings favor the former course. Accordingly, Plaintiff respectfully requests that the Court:

1. Grant this Motion for Reconsideration.

2. Vacate the sentence from its October 6, 2025, Order (Doc. 25) that states: "However, Plaintiff shall be responsible for service of the Summons and the Complaint on Defendants."

3. Issue an Order:

    a. DIRECTING the Clerk of Court to prepare the necessary service packets for Defendants Bondi, Driscoll, Connolly, and Martinet and forward them to the U.S. Marshals Service.

    b. DIRECTING the U.S. Marshals Service to effect service on these Defendants pursuant to Fed. R. Civ. P. 4(c)(3).

Rule 4(c)(3) embodies Congress's recognition that indigent litigants require institutional support to access the courts on equal terms. This Court's refusal to honor that congressional mandate not only violates federal law but undermines the constitutional promise of equal justice under law. The remedy is ministerial, the duty is clear, and the consequences of continued non-compliance extend far beyond this case to the integrity of the federal judicial system itself. The Court should correct this manifest error and restore compliance with federal law before mandamus proceedings become necessary.

Respectfully submitted,

Dated: Sunday, October 12, 2025

/s/ Joseph McGhee
*Pro Se Plaintiff*

## ARTIFICIAL INTELLIGENCE DISCLOSURE

Pursuant to the Court's September 9, 2025, Order (Doc. 16), Plaintiff, under objection, discloses that the following generative and other AI tools were used to prepare this Motion: (1) Westlaw Precision; (2) BriefCatch; and (3) Microsoft CoPilot. Plaintiff certifies that all representations and citations in filing have been verified for accuracy using Westlaw.

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*