**JOSEPH MARTIN MCGHEE**
300 W High Country Tr., #303
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff-Appellant*

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| Joseph McGhee, | No. 25-6326 |
| Appellant, | District of Arizona |
| v. | No. CV-25-08143-PCT-DJH |
| Pamela Bondi, et al, | Hon. Diane J. Humetewa |
| Appellees. | **APPELLANT'S NOTICE REGARDING SERVICE OF UNSERVED APPELLEES** |

Appellant Joseph McGhee hereby notifies the Court that the district court's refusal to perform a mandatory procedural duty has prevented service on key Appellees and now impedes the complete constitution of this appeal.

1

### *The District Court's Rule 4(c)(3) Violation*

As this Court is aware, Appellant is proceeding in forma pauperis in the underlying district court action (Doc. 15 at 2). On <u>September 23, 2025</u>, Appellant filed an explicit request for the U.S. Marshals Service to effect service on unserved federal and state defendants pursuant to Fed. R. Civ. P. 4(c)(3) (Doc. 22 at 4-5).[1]

Twenty-three days later, on <u>October 6, 2025</u>, the district court issued an internally contradictory order (Doc. 25). While purporting to grant "in part" Appellant's request for service by U.S. Marshals, it simultaneously denied that very relief:

> IT IS FURTHER ORDERED granting in part Plaintiff's *request* for extension of time to serve Defendants and *for an Order directing the USMS to assist with service* (Doc. 22). Plaintiff is granted a 60-day extension of time to serve the remaining Defendants. However, *Plaintiff shall be responsible for service of the Summons and the Complaint on Defendants*.

(Doc. 25 at 2) (emphases added).

---

[1] Federal defendants Pamela Bondi and Daniel Driscoll in their official capacities, and state defendants Sean Connolly and Todd Martinet in their individual (§ 1983) capacities.

2

### *The Legal Standard is Mandatory*

This refusal violates the plain text of Fed. R. Civ. P. 4(c)(3), which provides that "[a]t the plaintiff's request," a district court "must" order that "service be made by a United States marshal or deputy marshal … if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915." The rule uses mandatory language—"must"—not discretionary language.

In fact, this Court has directly addressed the issue: "[A] United States marshal or other appointed person (officers of the court) shall serve the IFP plaintiff's complaint on *request*." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991) (emphasis in original). The district court's refusal to comply with this mandatory duty violates binding circuit precedent.

### *Current Procedural Status*

As a result of the district court's *ultra vires* refusal, Appellees Bondi, Driscoll, Connolly, and Martinet have not yet been served with the summons and complaint in the underlying action.[2] This procedural

---

[2] Appellant is simultaneously moving for reconsideration in the district court to compel compliance with Rule 4(c)(3).

3

circumstance may affect the Court's consideration of their participation in this appeal.

Appellant brings this matter to the Court's attention to ensure complete understanding of the procedural posture, which results not from any failure on Appellant's part, but from the district court's violation of mandatory federal rules and binding circuit precedent.

Respectfully submitted,

Dated: Sunday, October 12, 2025

/s/ Joseph McGhee
*Pro Se Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ACMS system, which will send notification of electronic filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff-Appellant*

4