**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph McGhee, | No. CV-25-08143-PCT-DJH |
| Plaintiff, | **PLAINTIFF'S RENEWED MOTION TO DIRECT THE U.S. MARSHAL TO COMPLETE SERVICE; AND MOTION TO [1] CORRECT OR CLARIFY THE COURT'S OCTOBER 17, 2025 ORDER and [2] FOR EXTENSION OF SERVICE DEADLINE** |
| v. | |
| Pamela Bondi, et al, | |
| Defendants. | |

Plaintiff Joseph McGhee respectfully moves this Court for three forms of relief arising from a series of failures by the Clerk's Office and the United States Marshals Service ("USMS") that have left service of process incomplete on multiple defendants through no fault of Plaintiff.

*First*, Plaintiff requests that the Court correct or clarify its October 17, 2025 Order (Doc. 29) to confirm that it granted Plaintiff's motion in full—including service on Defendants Connolly and Martinet in their

1

individual capacities—consistent with the Order's unqualified granting language and with Plaintiff's documented compliance (Doc. 33).

*Second*, Plaintiff requests a supplemental order directing the USMS to complete all outstanding service. Third, because the 60-day service period set by the Court's Order has expired through no fault of Plaintiff, Plaintiff requests an extension of the service deadline pursuant to Federal Rule of Civil Procedure 4(m).

The outstanding service deficiencies are as follows: **(1)** the USMS served Defendants Bondi and Driscoll personally but failed to serve the United States Attorney's Office ("USAO") for the District of Arizona, as required by Rule 4(i)(1)(A);[1] and **(2)** the USMS has never served Defendants Sean Connolly or Todd Martinet in their individual capacities—despite Plaintiff having timely submitted completed USM-285 forms for both defendants (Doc. 33)—and the docket reflects no service attempt, return, or explanation whatsoever.

---

[1] The Clerk's service packet omitted the USM-285 instructions page, which instructs IFP plaintiffs to check the box marked 'For service on U.S.A.' to trigger automatic USMS service on the U.S. Attorney and Attorney General. (*See* Docs. 29-3, 29-4) (Clerk-provided sample and blank USM-285 forms, both omitting instructions page); *see also* https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt_0.pdf at 2.

Plaintiff complied fully and timely with every directive contained in the Court's Order and the Clerk's accompanying Service Packet Letter. Thus, the service failures at issue are attributable entirely to the Clerk's Office and the USMS. But in the Ninth Circuit, an IFP plaintiff who has complied with the court's service directives cannot be penalized—let alone have his action dismissed—for service defects caused by the Marshal. *See Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990). Further, Rule 4 independently requires that the Court allow Plaintiff a reasonable time to cure the federal service defect. Fed. R. Civ. P. 4(i)(4)(A). Likewise, good cause exists to extend the service deadline as to all remaining defendants. Fed. R. Civ. P. 4(m).

## FACTUAL BACKGROUND

### *Plaintiff's Motion for Reconsideration and the Court's Order*

In his Motion for Reconsideration (Doc. 28), Plaintiff explicitly requested that the Court direct the USMS to effect service on all four defendants. Specifically, Plaintiff requested that the Court issue an Order:

> DIRECTING the Clerk of Court to prepare the necessary service packets for Defendants Bondi, Driscoll, Connolly, and Martinet and forward them to the U.S. Marshals Service [and] DIRECTING the U.S. Marshals Service to effect service of these Defendants pursuant to Fed. R. Civ. P. 4(c)(3).

(Doc. 28 at 6).

On October 17, 2025, the Court entered an Order "granting Plaintiff's … specific request that the marshal serve his complaint" (Doc. 29 at 1). Importantly, the Order does not say "granting in part," nor does it limit its grant to the federal defendants. It simply grants the motion—the same motion that expressly requested service on *all four* defendants.

However, the operative paragraph of the Order directed the Clerk to send Plaintiff a service packet for "Defendants Pamela Bondi and Daniel Driscoll" only (Doc. 29 at 1). This paragraph is facially inconsistent with the Order's unqualified granting language and does not reflect the full scope of the relief Plaintiff requested and the Court granted. The omission of Connolly and Martinet from the operative paragraph appears to be a clerical or drafting oversight, easily correctable under Rule 60(a).

### *The Clerk's Incomplete Service Packet*

Consistent with the Court's Order, the Clerk sent Plaintiff a service packet. The packet included: **(1)** the Court's Order (Doc. 29); **(2)** a sample USM-285 form (Doc. 29-3); and **(3)** a blank USM-285 form (Doc. 29-4). The Clerk's accompanying Service Packet Letter instructed Plaintiff to prepare and return "[o]ne copy of the Marshal's Process Receipt & Return Form USM-285 for each defendant ordered to be served" and "[o]ne copy of the Notice of Lawsuit & Request for Waiver of Service of Summons form for each defendant ordered to be served." (Doc. 29-1)

In this case, neither the sample USM-285 (Doc. 29-3) nor the blank USM-285 (Doc. 29-4) included the standard instructions page.[2] But that instructions page contains critical guidance for cases involving federal government defendants, including the requirement to check the box marked "for service on U.S.A." to direct the USMS to serve one copy on the U.S. Attorney and forward another to the Attorney General. Without that instructions page, Plaintiff had no way of knowing the purpose for this box, what it did, or that checking it was necessary to complete Rule 4(i)(1) service on the United States. The omission is verifiable from the Court's own docket. (Docs. 29-3, 29-4).

### *Plaintiff's Timely and Complete Compliance*

On October 28, 2025—within the 21-day deadline set by the Court's Order—Plaintiff, in strict compliance with the Court's Order and the Clerk's Service Packet Letter, forwarded to the Clerk of Court completed USM-285 forms and waiver of service forms for all four defendants: Bondi, Driscoll, Connolly (individual capacity), and Martinet (individual capacity). He also documented his compliance in a subsequent filing (Doc. 33). Ultimately, Plaintiff followed every instruction he was given, but he was given no

---

[2] *See supra* note 1.

instruction regarding the "for service on U.S.A." box, the USAO, or any additional steps required for federal-defendant service.

### *Status of Service on Each Defendant*

The USMS served Defendant Bondi personally on December 16, 2025, and Defendant Driscoll personally on December 19, 2025. However, the docket contains no indication that the USMS served the USAO for the District of Arizona—a separate and required component of Rule 4(i) service for official-capacity federal defendants that was never triggered because the "for service on U.S.A." box was not checked on the USM-285 forms, due to the missing instructions page.

Regarding Defendants Connolly and Martinet in their individual capacities, the docket is entirely silent: No USM-285 return has been filed, no proof of service has been docketed, and Plaintiff has received no communication from the USMS regarding any service attempt. While both defendants have appeared in this action in their official capacities, those appearances do not constitute service or waiver of service in their individual capacities, which are the subject of distinct 42 U.S.C. § 1983 claims for damages.

Defendant City of Flagstaff accepted service and has appeared in this action. That defendant is not the subject of this motion.

## ARGUMENT

**I.    The Court Should Correct or Clarify Its October 17 Order to Confirm That It Granted Service on All Four Defendants**

Rule 60 provides that the Court may correct "a clerical mistake or a mistake arising from oversight or omission" in an order "whenever one is found[.]" Fed. R. Civ. P. 60(a). The discrepancy between the Order's granting language and its operative paragraph is precisely this kind of oversight. The Court stated it was granting Plaintiff's motion—a motion that *expressly requested* service on Bondi, Driscoll, Connolly, and Martinet. The operative paragraph then directed the Clerk to prepare service packets for only Bondi and Driscoll. Because there is no indication in the Order that the Court intended to deny service as to Connolly and Martinet, the omission bears every hallmark of a drafting gap rather than a deliberate partial denial.

This reading is confirmed by Plaintiff's conduct: He treated the Order as a full grant—preparing and returning completed USM-285 forms for all four defendants (*see* Doc. 33)—which is the only reasonable interpretation of an order that grants a motion without qualification. Plaintiff is entitled to rely on the plain language of the Court's order granting his motion.

The Court should therefore issue a clarifying or corrective order confirming that the October 17 Order granted service on Connolly and

7

Martinet in their individual capacities and directing the USMS to complete that service now.

## II. All Service Failures Are Attributable to the Clerk's Office and the USMS, Not to Plaintiff

Once a court grants IFP status and orders USMS service, the responsibility for effecting proper service transfers to the Marshal. *Puett,* 912 F.2d at 275. Thus, an IFP plaintiff who complies with the court's service directives "should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under § 1915(c) and Rule 4. *Id.*

The record here establishes a complete chain of Plaintiff's compliance and a corresponding chain of institutional failure: **(1)** Plaintiff timely filed his motion requesting service on all four defendants (Doc. 28); **(2)** the Court granted it (Doc. 29); **(3)** Plaintiff returned completed service forms for all four defendants within the deadline (Doc. 33); **(4)** the Clerk sent a service packet that omitted the instructions necessary to complete federal service (Docs. 29-3, 29-4); and **(5)** the USMS served only two of four defendants personally (Docs. 35 and 36), failed to trigger USAO service due to the missing box, and apparently never attempted service on the other two at all.

At no point did Plaintiff fail to do what he was told. At every point where something went wrong, the failure traces back to the Clerk's Office or the USMS—not to Plaintiff. Under *Puett* and its progeny,[3] this record compels the conclusion that Plaintiff bears no responsibility for the current state of service, and that dismissal for insufficient service would be improper.

### III.    Rule 4(i)(4) Mandates That the Court Allow Plaintiff Time to Cure the Federal Service Defect

Federal Rule of Civil Procedure 4(i)(4)(A) provides that the Court "must allow" a party a reasonable time to cure a failure to serve a person required to be served under Rule 4(i)(2), "if the party has served … the Attorney General of the United States." This provision is mandatory, and the predicate condition is satisfied: the USMS served Defendant Bondi in her capacity as Attorney General of the United States on December 16, 2025. The Court therefore must allow Plaintiff time to cure the failure to serve the USAO. Directing the USMS to check the "for service on U.S.A." box and complete the corresponding service on the USAO is the appropriate cure.

---

[3] *See, e.g., Boudette v. Barnette,* 923 F.2d 754, 757 (9th Cir.1991) (marshal responsible for service once IFP plaintiff makes "request that the marshal serve his complaint").

## IV.    Good Cause Exists Under Rule 4(m) to Extend the Service Deadline

Under Rule 4, if service is not completed within the prescribed period and where "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court's October 17, 2025 Order set a 60-day window that expired approximately December 16, 2025. Nevertheless, Plaintiff returned all completed service materials on October 28, 2025—within 11 days of the Order. He then waited, reasonably, for the USMS to fulfill its obligations: it partially performed and silently failed as to the rest. But Plaintiff had no mechanism to compel the USMS to act faster, no notice that service on Connolly and Martinet had not been attempted, and no reason to know that the missing instructions page had caused incomplete federal service.

The prejudice calculus strongly favors Plaintiff: (1) Defendants Connolly and Martinet have actual notice of this litigation through their official-capacity appearances and through the City of Flagstaff's long-standing participation in this action; (2) the federal defendants have had actual notice since December 2025; and (3) no defendant will suffer any surprise or prejudice from an extension. By contrast, denying an extension would extinguish Plaintiff's § 1983 individual-capacity damages claims against Connolly and Martinet—the core of his municipal liability theory—

through a procedural failure that was not of his making. That outcome would be both unjust and inconsistent with the Ninth Circuit's clear instruction that IFP plaintiffs not be penalized for Marshal inaction. *Puett,* 912 F.2d at 275.

## V. The Court Should Order the USMS to Complete All Outstanding Service

Given Plaintiff's IFP status and the USMS's role as the agent of service in this case, the most efficient relief is a supplemental order directing the USMS to:

1) Complete service on the United States by serving the civil-process clerk at the United States Attorney's Office for the District of Arizona with a copy of the summons and complaint pursuant to Rule 4(i)(1)(A), thereby completing service on the United States as required for the official-capacity claims against Defendants Bondi and Driscoll;

2) Serve Defendant Sean Connolly personally in his individual capacity pursuant to Rule 4(e) at his place of employment, which Plaintiff has already provided (Doc. 32); and

3) Serve Defendant Todd Martinet personally in his individual capacity pursuant to Rule 4(e) at his place of employment, which Plaintiff has already provided (Doc. 32).

Plaintiff further requests that the Court order the USMS to file a proof of service upon completion of each act of service above, and to notify Plaintiff and the Court promptly if any service attempt is unsuccessful.

## CONCLUSION

For the foregoing reasons, the Court should: **(1)** correct or clarify its October 17, 2025 Order pursuant to Rule 60(a) to confirm that it granted service on all four defendants, including Connolly and Martinet in their individual capacities; **(2)** find good cause under Rule 4(m) to extend the service deadline as to Defendants Bondi and Driscoll (USAO service) and Defendants Connolly and Martinet (individual capacity); **(3)** enter a supplemental order directing the USMS to complete the three specific acts of service identified above; and **(4)** grant such other relief as the Court deems appropriate to ensure that this action is not prejudiced by service failures caused by the Clerk's Office and the USMS.

Respectfully submitted, Tuesday, March 3, 2026

/s/ Joseph Martin McGhee
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*