**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph McGhee,<br><br>Plaintiff,<br><br>v.<br><br>Todd Blanche, et al.,<br><br>Defendants. | No. CV-25-08143-PCT-DJH<br><br>**PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS BLANCHE AND CEKADA AND, IN THE ALTERNATIVE, MOTION TO EXCUSE STRICT COMPLIANCE WITH FED. R. CIV. P. 4(i)(1)(A) AND SET A RESPONSE DEADLINE** |

Plaintiff Joseph McGhee applies under Federal Rule of Civil Procedure 55(a) for entry of default against Defendants Todd Blanche and Robert Cekada (together, the "Federal Defendants"). The Court ordered the Federal Defendants to answer "within 60 days of service." (Doc. 43 at 2.) The United States Marshals Service served: **(1)** Defendant Blanche on August 28 (Doc. 44); and **(2)** Defendant Cekada on September 11, 2026 (Doc. 45). Both

deadlines have passed, with neither defendant having answered, moved, or seeking an extension.

However, if the Court concludes that service on the United States is incomplete because the Marshals Service did not deliver process to the U.S. Attorney's Office for this District, Plaintiff moves in the alternative for an order excusing strict compliance with Fed. R. Civ. P. 4(i)(1)(A) under *Borzeka v. Heckler,* 739 F.2d 444, 447–48 (9th Cir. 1984), and directing the Federal Defendants to respond within 21 days. As a further alternative, Plaintiff asks the Court to direct the Marshals Service to complete the service it accepted and to extend the time for service under Fed. R. Civ. P. 4(i)(4)(A) and 4(m).

Any service defect is not Plaintiff's doing: On both USM-285 forms, Plaintiff checked the box marked "Check for service on U.S.A," and under the Marshals Service's own instructions, that box directs the Marshal to serve the U.S. Attorney and the Attorney General. The U.S. Attorney's Office, for its part, has been counsel of record for the Federal Defendants since June 2, 2026. (Doc. 41.)

## <u>BACKGROUND</u>

### ***Plaintiff Proceeds IFP and Relies on the USMS for Service***

Plaintiff filed this action on July 3, 2025. (Doc. 1), and the Court granted him leave to proceed in forma pauperis on September 9, 2025 (Doc. 15). Following Plaintiff's request for service by the Marshal under Rule

4(c)(3) (Docs. 22, 28), the Court directed the Clerk on October 17, 2025 to send him service packets for the Federal Defendants' predecessors. (Doc. 29.) While the packet contained a sample and a blank USM-285, it left out the Marshals Service's instruction page. (Docs. 29-3, 29-4; *see* Doc. 37 at 2 n.1, 5.)

Plaintiff returned the completed forms on October 28, 2025 (Doc. 33), and the USMS served the Attorney General and the ATF Director on December 16 and 19, 2025 (Docs. 35, 36). It did not deliver process to the U.S. Attorney's Office. Plaintiff thereafter raised that gap and asked the Court to direct the Marshal to complete service on March 3, 2026 (Doc. 37), which the Court denied as moot on June 1, 2026. (Doc. 40.)

***The U.S. Attorney's Office Appears, and the Court Sets the Answer Deadline***

On June 2, 2026, the U.S. Attorney's Office, through AUSA Victoria H. Gray, filed a Notice of Imperfect Service on behalf of Defendants Blanche and Cekada, who were substituted under Fed. R. Civ. P. 25(d). (Doc. 41.) The Notice asked the Court to set a deadline for service on the U.S. Attorney's Office and to make the answer "due within 60 days of service." (*Id.* at 1–2.)

On June 10, 2026, the Court ordered the Clerk to send Plaintiff service packets for Blanche and Cekada, directed the Marshal to serve them, and ordered that "Defendants Blanche and Cekada shall file their

answer within 60 days of service." (Doc. 43 at 2.) The Order quoted Rule 4(i)(1) in full. (*Id.* at 1–2 n.2.)

***Plaintiff Designates Service on the United States***

Plaintiff completed both USM-285 forms on June 23, 2026, and checked "Check for service on U.S.A." on each. (Docs. 44, 45; McGhee Decl. ¶¶ 3–4.) The Marshals Service's instructions explain what that box does: when the court has directed the Marshal to serve a federal officer, the Marshal "will serve one copy upon the U.S. Attorney and will forward the other copy to the Attorney General." (Ex. 1 at 2.) And "[w]hen the applicable box is checked, completion of the final signature block by the U.S. Marshal or designee certifies service on the U.S. Attorney and the U.S. Attorney General, regardless of whether other defendants on the summons were served." (*Id.*)

***Service is Returned, and the Deadlines Pass***

| Defendant | Service by USMS | Return Filed | 60-day Deadline (Doc. 43) | Response Filed |
|---|---|---|---|---|
| Blanche (Attorney General) | Aug. 28, 2026, Office of the Attorney General (Doc. 44) | Aug. 31, 2026 | Oct. 27, 2026 | None |
| Cekada (ATF Director) | Sept. 11, 2026, certified mail (Doc. 45) | Sept. 15, 2026 | Nov. 10, 2026 | None |

A deputy marshal signed each return, and each shows the U.S.A. box checked. (Docs. 44, 45.) The Flagstaff Defendants' response is due seven days after the Federal Defendants'. (Doc. 31.) As a result, no defendant has filed a responsive pleading in the more than sixteen months since this action was filed. (McGhee Decl. ¶ 6.)

## ARGUMENT

### I. The Clerk Should Enter Default Against the Federal Defendants

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff asks only for entry of default—Rule 55(d), which limits default *judgments* against the United States and its officers, does not apply at this stage. *See Borzeka,* 739 F.2d at 446 (applying the predecessor rule, Rule 55(e), to a clerk's default judgment).

#### A. The Court set the deadline, at the Federal Defendants' own request.

The Federal Defendants asked that their answer be due "within 60 days of service." (Doc. 41 at 2.) The Court granted that request, directed the Marshal to serve them, and ordered them to answer "within 60 days of service." (Doc. 43 at 2.) Here, the Marshal did what the Order directed (Docs. 44, 45), and nothing in Doc. 43 makes the deadline depend on any

later event. Accordingly, Defendant Blanche's deadline ran on October 27, 2026, and Defendant Cekada's on November 10, 2026.

**B. The signed returns are prima facie evidence that the United States was served.**

"[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Sols. for Bus. Inc.,* 509 F.3d 1161, 1163 (9th Cir. 2007). Each return here shows the U.S.A. box checked and carries a deputy marshal's signature. (Docs. 44, 45.) And under the Marshals Service's instructions, a completed signature block on a form with that box checked "certifies service on the U.S. Attorney and the U.S. Attorney General." (Ex. 1 at 2.) The returns are therefore prima facie evidence of complete service under Rule 4(i)(1), and the 60-day period under Rule 12(a)(2) ran from the dates of service. If the Federal Defendants dispute this, then the burden is theirs.

**C. The Federal Defendants have not pleaded or otherwise defended.**

Neither defendant has answered, filed a Rule 12 motion, or asked for more time. (McGhee Decl. ¶ 6.) The June 2 Notice of Imperfect Service does not count as a defense, as it came before service under Doc. 43, asked only that the Court set a deadline, and the Court did so. (Docs. 41, 43.) The Federal Defendants have filed nothing since.

## II. Alternatively, the Court Should Excuse Strict Compliance with Rule 4(i)(1)(A) and Order a Response Within 21 Days

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted). In *Borzeka*, a pro se plaintiff sued a federal officer in her official capacity. His only service defect was failing to personally serve the U.S. Attorney, which is the same defect the Federal Defendants assert here. The Ninth Circuit held that such a defect does not require dismissal if:

> (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

739 F.2d at 447. A plaintiff who meets this test "has complied substantially with" Rule 4. *Id.* at 447 n.1. And courts are "generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved." *Id.* at 448 n.2.

*Navarrette v. Wren* applied *Borzeka* in this same posture. No. 3:22-CV-0006-LL-AHG, 2022 WL 11128279, at *3 (S.D. Cal. Oct. 19, 2022), *report and recommendation adopted,* No. 22CV006-LL-AHG, 2022 WL 21769860 (S.D. Cal. Nov. 23, 2022). There, the clerk had entered default, and the government moved to set it aside because the United States had not been served. The

court set aside the default but denied the government's request to start its response period only after service was cured. Instead, it excused strict compliance with Rule 4(i) and ordered a response within 60 days of its order, calling that "the more efficient and fairer approach." *Navarrette,* 2022 WL 11128279, at *4. The court did so even though it found the omission was the plaintiff's own. *Id.* Here, the omission was the Marshal's.

Each *Borzeka* factor is met.

***Actual Notice***

The U.S. Attorney's Office is counsel of record. It filed the Notice of Imperfect Service on June 2, 2026, more than five months ago. (Doc. 41.) The Marshal also served the Attorney General's Office and the ATF Director. (Docs. 44, 45.) Every office Rule 4(i) is meant to notify has the complaint.

***No Prejudice***

The Federal Defendants' predecessors were served in December 2025. (Docs. 35, 36.) The U.S.A.O has represented the Federal Defendants since at least June 2026, and its Notice identified no prejudice. (Doc. 41.) Here, the only defect is one delivery to an office that is already litigating this case.

***Justifiable Excuse***

A plaintiff proceeding IFP is entitled to rely on the Marshal for service. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process …"); *Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir.

1990). And once the plaintiff provides the information needed to identify the defendant, any failure by the Marshal's "is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citation omitted), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff checked the U.S.A. box on both forms. (Docs. 44, 45.)

*Borzeka* also asks whether the plaintiff "elected not to cure the defect in service after the defect was pointed out to him." 739 F.2d at 447 n.2. Plaintiff did the opposite: within three weeks of the Notice, he returned new forms designating service on the United States. (McGhee Decl. ¶¶ 3–4.) The earlier omission traces to the Clerk's October 2025 packet, which did not include the Marshals Service's instruction page. (Docs. 29-3, 29-4; Doc. 37 at 5.)

***Prejudice to Plaintiff***

*Navarrette* found this factor inapplicable when a default is being set aside. 2022 WL 11128279, at *4 n.2. The prejudice from further delay here is nonetheless concrete: this Court's "strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the commencement of a case," which here is July 3, 2027. (Doc. 16 at 2.) No defendant has filed a responsive pleading in sixteen months. Given that the Flagstaff Defendants' deadline is tied to the Federal Defendants' (Doc. 31), the case cannot move until a federal deadline is fixed.

***The Response Deadline Should Be 21 Days***

*Navarrette* set 60 days because that gave the defendant about 78 days in total from actual notice, more than Rule 4 would have allowed. 2022 WL 11128279, at *3. Here, the U.S. Attorney's Office has had actual notice since at least June 2, 2026, which is more than 150 days—well beyond the 60 days Rule 12(a)(2) provides. A 21-day deadline here is fair on the same reasoning.

**III. At a Minimum, the Court Must Allow Time to Cure and Should Direct the Marshal to Complete the Service It Accepted**

If the Court neither enters default nor excuses strict compliance, Rule 4 still requires relief. Because Plaintiff has served the Attorney General (Doc. 44), "[t]he court must allow a party a reasonable time to cure its failure to … serve a person required to be served under Rule 4(i)(2)." Fed. R. Civ. P. 4(i)(4)(A). And because Plaintiff proceeds IFP and has requested Marshal service, the Court "must" order the Marshal to make it. Fed. R. Civ. P. 4(c)(3).

Plaintiff therefore asks the Court to direct the U.S.M.S., within 14 days, to deliver the summons and complaint to the Civil Process Clerk, United States Attorney's Office for the District of Arizona, Two Renaissance Square, 40 North Central Avenue, Suite 1800, Phoenix, Arizona 85004. The Marshal may act on the U.S.A. designation in Docs. 44 and 45.

Plaintiff also asks the Court to extend the time for service under Rule 4(m), including the 60-day period in Doc. 43, which ended on August 11,

2026, before the Marshal had executed either form. Good cause exists as a matter of law. *Walker*, 14 F.3d at 1422; *Puett*, 912 F.2d at 275. Plaintiff also asks the Court to find expressly that any delay in completing service on the United States is attributable to the Marshals Service, not to Plaintiff.

## CONCLUSION

Plaintiff respectfully requests that the Court rule separately on each of the following:

1. **Entry of default.** Enter the default of Defendants Todd Blanche and Robert Cekada under Rule 55(a);

2. **In the alternative, a *Borzeka* excusal.** Excuse strict compliance with Rule 4(i)(1)(A). Order the Federal Defendants to answer or otherwise respond to the Complaint (Doc. 1) within 21 days of the Court's order. Under Doc. 31, the Flagstaff Defendants' response would then be due seven days later.

3. **In the further alternative, USMS service and extension.** Direct the Marshals Service to deliver the summons and complaint to the U.S. Attorney's Office within 14 days, and order the Federal Defendants to respond within 60 days of that delivery. Extend the time for service under Rules 4(i)(4)(A) and 4(m), including the period set in Doc. 43, through 30 days after the delivery.

4. **Finding on fault.** Under any of the above, find that any delay in completing service on the United States is attributable to the Marshals Service and not to Plaintiff.

Respectfully submitted, November 18, 2026.

/s/ Joseph McGhee
*Pro Se Plaintiff*

**DECLARATION OF JOSEPH MCGHEE IN SUPPORT OF ENTRY OF DEFAULT**

I, Joseph McGhee, declare:

**1.** I am the Plaintiff in this action. I have personal knowledge of the facts stated here and could testify to them.

**2.** On September 9, 2025, the Court granted me leave to proceed in forma pauperis. (Doc. 15.)

**3.** After the Court's June 10, 2026 Order (Doc. 43), I received service packets for Defendants Todd Blanche and Robert Cekada. On June 23, 2026, I completed a USM-285 form for each defendant and returned the completed packets to the Clerk of Court by hand-delivery.

**4.** On each USM-285 form, I checked the box marked "Check for service on U.S.A." (Docs. 44, 45.)

**5.** The Marshals Service's returns show service on the Office of the Attorney General on August 28, 2026 (Doc. 44) and on Defendant Cekada by certified mail on September 11, 2026 (Doc. 45).

**6.** I reviewed the docket on November 18, 2026. As of that date, neither Defendant Blanche nor Defendant Cekada had filed an answer, a motion under Rule 12, a motion for an extension of time, or any other response to the Complaint. I have not agreed to extend either defendant's

time to respond, and I have not been served with any such filing. No defendant has filed a responsive pleading in this action.

**7.** Defendants Blanche and Cekada are sued only in their official capacities as officers of the United States.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on November 18, 2026, at Flagstaff, Arizona.

/s/ Joseph McGhee

## CERTIFICATE OF SERVICE

I certify that on November 18, 2026, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*