**JOSEPH MARTIN MCGHEE**
300 W High Country Tr.
Flagstaff, AZ 86005
Email: McGhee.v.Bondi.et.al@gmail.com
Tel: (928) 331-0042
*Pro Se Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph McGhee,<br><br>Plaintiff,<br><br>v.<br><br>Todd Blanche, et al.,<br><br>Defendants. | No. CV-25-08143-PCT-DJH<br><br>**PLAINTIFF'S RENEWED MOTION TO VACATE, AS APPLIED, THE AI TOOL-IDENTIFICATION REQUIREMENT OF THE SEPTEMBER 9, 2025 ORDER (Doc. 16) (Fed. R. Civ. P. 54(b); LRCiv 7.2(g))** |

## INTRODUCTION

Plaintiff asks the Court to vacate, as applied to him, one half of the AI Disclosure Requirements in its September 9, 2025 Order: the requirement to "clearly disclose in the filing what AI tool was used." (Doc. 16 at 3.) He does not ask the Court to relieve him of the other half. Plaintiff will continue to "certify that all representations and citations in the AI-assisted filing have been verified for accuracy" (*id.*) in every filing to which the Order applies.

Two things have changed since the Court denied Plaintiff's earlier motion (Doc. 25), and neither could have been presented then. First, in *Monet v. Underwood*, the Ninth Circuit declined to reach a challenge to a district court's AI-disclosure order "[b]ecause the order had no effect on" the appellant. No. 24-253, 2026 WL 413184, at *2 (9th Cir. Feb. 13, 2026) (mem.). That reasoning makes the dispositive threshold whether the order operates on the litigant. Here, the Order has operated on Plaintiff in every AI-assisted filing he has made. Second, the Ninth Circuit has since declined interlocutory review without addressing the Order's validity (Doc. 42). This Court is now the only forum that can address the injury when it occurs.

This motion does not repeat Doc. 24 but seeks narrower relief on a different ground: as applied to a litigant who certifies verification and hyperlinks every citation to its pinpoint page, the tool-identification prong secures nothing that the certification does not already secure.

Accordingly, Plaintiff asks the Court to: **(1)** vacate prong (1) of the AI Disclosure Requirements (Doc. 16 at 3) as applied to Plaintiff, for so long as he certifies verification under prong (2) and hyperlinks his citations; or, in the alternative, **(2)** rule on the merits of this as-applied challenge and state the grounds for that ruling.

## BACKGROUND

The Order's AI provision reads in full:

> Any party using a generative AI tool in the preparation of any document or material filed in this Court shall (1) clearly disclose in the filing what AI tool was used, and (2) certify that all representations and citations in the AI-assisted filing have been verified for accuracy. A party's reliance on an AI tool will not excuse a failure to make a reasonable inquiry under Rule 11.

(Doc. 16 at 3.) The Court referred pretrial matters to the Magistrate Judge the next day (Doc. 20). Plaintiff moved to vacate the AI provision and, in that same filing, disclosed his AI use under objection as the Order required (Doc. 24 at 18). The Magistrate Judge denied the motion in an omnibus order that also resolved two unrelated motions, finding "that Plaintiff largely fails to state a claim or cognizable request for relief or seeks relief which has been provided or which need not be addressed." (Doc. 25 at 1.) The order gave no further reasons.

| Date | Event | Record |
|---|---|---|
| Sept. 9, 2025 | District Judge's Order imposes the two-prong AI requirement | Doc. 16 |
| Sept. 28, 2025 | Plaintiff's amended motion to vacate; disclosure made under objection | Doc. 24 |
| Oct. 6, 2025 | Motion denied as not "cognizable" or "need[ing] not be addressed" | Doc. 25 |
| Oct. 10, 2025 | Plaintiff seeks Ninth Circuit review; appeal later treated as mandamus | Doc. 26; Nos. 25-6326, 26-2683 |

| | | |
|---|---|---|
| Feb. 13, 2026 | *Monet v. Underwood* issues | 2026 WL 413184 |
| June 2, 2026 | Ninth Circuit denies mandamus without stated reasons | Doc. 42 |
| June 2–Nov. 17, 2026 | No filings by Plaintiff | Docs. 43–45 |
| Nov. 18, 2026 | Application for entry of default; supplemental AI disclosure under objection | Docs. 46, 47 |

Since Doc. 16 issued, Plaintiff has disclosed AI use under objection for every AI-assisted filing. Every case citation in those filings is hyperlinked to its pinpoint page in Westlaw. Neither any party nor any order of this Court has identified.

## LEGAL STANDARD

Doc. 16 is an interlocutory order, and the Court may revise it "at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). As long as it has jurisdiction, the Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and citation omitted). Under the Local Rules, the Court will ordinarily deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

This motion rests on new legal authority (*Monet*) and new facts (Doc. 42 and the Order's continued operation on Plaintiff) that did not exist when Plaintiff filed Doc. 24. Doc. 16 is the District Judge's own order, so Plaintiff respectfully directs this motion to the District Judge.

## ARGUMENT

### I. *Monet* and the Ninth Circuit's Denial of Mandamus Remove the Basis for Declining to Address This Challenge

#### A. Doc. 25 did not reach the merits.

The denial rested on a finding that Plaintiff's requests were not "cognizable" or "need not be addressed." (Doc. 25 at 1.) But it *did not* hold that Doc. 16 is a valid exercise of judicial authority. The question now is whether this challenge is one the Court should address, and authority issued since Doc. 25 answers that question.

#### B. *Monet* makes the Order's operation on the litigant the threshold for review.

In *Monet*, the District of Hawaii's General Order 23-1 required parties to disclose AI use. The appellant "chose, in response to its disclosure requirement, not to make use of AI" in his later filing, so the order never required him to say anything. 2026 WL 413184, at *2. The Ninth Circuit therefore declined to reach his challenges: "Because the order had no effect on him, we decline to address further his challenges to it." *Id.*

Plaintiff stands on the opposite side of that line. He did not avoid the Order: he used AI, and the Order has required him, in each such filing, to make a statement he would not otherwise make. *Monet* does not hold that an affected litigant's challenge succeeds. Its reasoning reflects something narrower that is enough here: whether an AI-disclosure order operated on the litigant determined whether the challenge was reached. This Order has operated on Plaintiff in every AI-assisted filing he has made.

Plaintiff does not rely on any chilling effect, and he withdraws the chilling theory that he earlier advanced (*see* Doc. 24 at 15). *Monet* treated a litigant's decision to forgo AI as a choice rather than an injury. 2026 WL 413184, at *2. Plaintiff's injury is the compelled statement itself, which is complete when the Order compels it. *See Riley v. Nat'l Fed'n of the Blind of N.C., Inc.,* 487 U.S. 781, 797–98 (1988) (compelled statements of fact burden protected speech no less than compelled statements of opinion); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

**C. After Doc. 42, this Court is the only forum that can address the injury when it occurs.**

The Ninth Circuit denied mandamus without addressing the Order's validity (Doc. 42), and review after final judgment cannot fill that gap. In

*Monet*, a post-judgment appeal, the panel measured the order's "effect" by whether AI use could have changed the result, finding it "implausible that the use of AI would somehow have permitted Monet to satisfy the demanding standard" for reconsideration. 2026 WL 413184, at *2.

But a compelled disclosure rarely changes who wins a motion. And if outcome prejudice is the test on appeal, the injury Plaintiff suffers with each filing will never be reviewed. The Court should not decline to address a challenge on the ground that it "need not be addressed" when this Court is the forum best positioned to address it.

## II. As Applied to Plaintiff, the Tool-Identification Prong Serves No Interest That the Certification Does Not Already Secure

### A. The Order identifies its own interest, which prong (2) secures.

The Order's text shows its object: that "all representations and citations in the AI-assisted filing have been verified for accuracy," and that AI use not "excuse a failure to make a reasonable inquiry under Rule 11." (Doc. 16 at 3.)

Prong (2) secures that object directly by requiring a certification of verification, and Plaintiff does not challenge it here. Prong (1) does different work—requiring the litigant to name a product. But naming the product verifies nothing.

### B. Plaintiff's citation practice makes prong (1) superfluous as applied to him.

Every case citation in Plaintiff's filings is hyperlinked to its highlighted, pinpoint page in Westlaw. The Court, its staff, and opposing counsel can confirm any citation in one step, whatever tool helped draft the sentence around it.

A citation is accurate or inaccurate on its face, and knowing which software was open when it was typed does not make it easier to check. Across the Order's fourteen months of operation, no inaccuracy has been identified in any of Plaintiff's filings.

### C. A compelled factual statement that advances no interest cannot be sustained under any standard.

A requirement to state facts is still compelled speech. *Riley*, 487 U.S. at 797–98. Even under the most deferential standard the Supreme Court applies to compelled disclosures, a disclosure requirement may not be "unjustified or unduly burdensome," and its justification must be more than "purely hypothetical." *Nat'l Inst. of Family & Life Advocates v. Becerra*, 585 U.S. 755, 776–77 (2018) (citations omitted). This argument does not depend on which standard governs. When a separate, unchallenged requirement fully secures the only interest the Order names, a second compelled statement aimed at the same interest is unjustified on this record.

Plaintiff does not contend that a court may never require a factual statement in a filing. A Rule 7.1 disclosure statement enables recusal decisions; a certificate of service proves service. Each does work that nothing else in the rules does. Prong (1) does work that prong (2) already does.

**D. The relief requested is narrow and conditional.**

Plaintiff asks the Court to suspend prong (1) only as applied to him, and only while he: **(i)** certifies verification under prong (2); and **(ii)** hyperlinks his citations to their pinpoint pages. If any citation in a future filing proves inaccurate, the Court can reinstate prong (1) as to Plaintiff on its own motion. Plaintiff does not renew the challenges to prong (2) raised in Doc. 24, Section I. He preserves, without repeating, the challenges raised in Doc. 24, Sections II–IV.

## III. Good Cause Supports the Timing of This Motion

Absent good cause, a motion for reconsideration is due within fourteen days of the order it addresses. LRCiv 7.2(g)(2). Good cause exists here. *Monet* issued on February 13, 2026, after Plaintiff had already sought relief in the Ninth Circuit. That court ultimately denied relief on June 2, 2026 (Doc. 42). From then until November 18, 2026, Plaintiff made no filings (*see* Docs. 43–45), so the Order did not operate on him.

Under *Monet*, a challenge to an AI-disclosure order is not reached when "the order had no effect on" the litigant. 2026 WL 413184, at *2. A

motion filed while Plaintiff had nothing pending would have presented the abstract challenge that *Monet* declined to address. The Order next operated on Plaintiff when he filed his Application for Entry of Default (Doc. 46) and the supplemental disclosure it required (Doc. 47). Plaintiff filed this motion promptly after that.

## **CONCLUSION**

The Court should vacate prong (1) of the AI Disclosure Requirements (Doc. 16 at 3) as applied to Plaintiff, for so long as he certifies verification under prong (2) and hyperlinks his citations to their pinpoint pages. In the alternative, the Court should rule on the merits of this as-applied challenge and state the grounds for its ruling.

Respectfully submitted, November 18, 2026.

/s/ Joseph McGhee
*Pro Se Plaintiff*

**ARTIFICIAL INTELLIGENCE DISCLOSURE**
**(UNDER OBJECTION)**

Pursuant to the Court's September 9, 2025 Order (Doc. 16), and under objection, Plaintiff discloses that the following AI tools were used to prepare this Motion: **(1)** Claude Fable 5 (Anthropic); and **(2)** BriefCatch. Plaintiff certifies that all representations and citations in this filing have been verified for accuracy using Westlaw. This disclosure is made solely to comply with Doc. 16, and Plaintiff preserves every challenge to it.

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2026, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Joseph McGhee
*Pro Se Plaintiff*